# EXHIBIT A

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
CHATTOOGA COUNTY. GEORGIA

**26SCA4210**

FEB 27, 2026 12:58 PM

Kim Windle James, Clerk
Chattooga County, Georgia

## IN THE STATE COURT OF CHATTOOGA COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **EDWIN RAUGHTON and DAVID WILLIAMSON,**<br><br>**Plaintiffs,**<br>vs.<br><br>**WENDY GUERRA FONG and FEDERAL EXPRESS CORPORATION,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiffs, EDWIN RAUGHTON and DAVID WILLIAMSON, and makes and files this Complaint against Defendants, WENDY GUERRA FONG, and FEDERAL EXPRESS CORPORATION, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Edwin Raughton is a resident of the State of Georgia and by bringing this action submits himself to the jurisdiction and venue of this Court. Plaintiff David Williamson is a resident of the state of Alabama and by bringing this action submits himself to the jurisdiction and venue of this Court.

2.

Defendant Wendy Guerra Fong, (hereinafter referred to as Defendant "FONG") is, upon information and belief, a citizen and resident of the State of Florida, whose last known residence is 5338 Caldwell Street, Naples, FL 34113. Defendant FONG is subject to the venue and jurisdiction of this Court under Long-Arm Statute (O.C.G.A. § 9-10-91) by virtue of the fact that Defendant operated a vehicle on the roads located in the State of Georgia and committed a tortious act in Chattooga County.

3.

Defendant FEDERAL EXPRESS CORPORATION (hereinafter referred to as Defendant "FEDEX") is a is a corporation duly licensed and being owned and operating in the State of Ohio, having a principal place of business located at 3610 Hacks cross Road, Memphis, TN 38125. Defendant FEDEX is subject to the venue and jurisdiction of this Court under Long-Arm Statute (O.C.G.A. § 9-10-91) by virtue of the fact that Defendant owned a vehicle that was operating on the roads located in the State of Georgia that committed a tortious act in Chattooga County, GA. Upon information and belief, the Defendant Corporation is registered with the Secretary of State of Georgia and may be served via its registered agent, The Corporation Company, at 410 Peachtree Parkway, Ste. 4245, Cumming, GA 30041.

4.

Defendant FONG is subject to the jurisdiction of this Court.

5.

Defendant FEDEX is subject to the jurisdiction of this Court.

## COUNT I
## NEGLIGENCE

6.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 5 above as if fully restated.

7.

On or about December 28th, 2025, Plaintiff Edwin Raughton was driving a 2024 Chevrolet Colorado in a prudent and careful manner, and was traveling on GA 1 in Chattooga County, Georgia.

8.

At that time and place, the Defendant FONG was operating a 2026 Ford T250 Transit T2 on GA 1 in Chattooga County, GA when she failed to maintain her lane of travel and entered Plaintiffs' lane, causing a violent collision with Plaintiffs' vehicle.

9.

At all relevant times, Defendant FONG owed certain civil duties to Plaintiffs, and, notwithstanding those duties, the Defendant FONG did violate them in the following particulars:

a.　　In failing to make reasonable and proper observations while driving or, if reasonable and proper observations were made, failing to act thereon;

b.　　In failure to maintain lane, in violation of O.C.G.A. § 40-6-48;

c.　　In driving with reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

d.　　In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

10.

Defendant FONG' violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

11.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant FONG, Plaintiff suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to their bodies and nervous system, personal inconvenience, plus an inability to lead a normal lives.

**SECOND CAUSE OF ACTION**
**(Against Defendant FEDEX)**
**Respondent Superior/ Agency Principal Liability**

12.

Plaintiff repeats and realleges paragraphs 1-11 as if set out verbatim herein.

13.

Upon information and belief, at all times relevant to the allegations contained in this Complaint, Defendant FONG was working in the course and scope of his employment for the Defendant FEDEX, or was otherwise acting as an agent or servant of the Defendant FEDEX.

14.

Defendant FEDEX is liable for the acts or omissions of Defendant FONG under the doctrines of respondent superior, master/servant, and/or agent/principal.

15.

Plaintiffs are informed and believes that they are entitled to a Judgment against the Defendants for damages in an appropriate amounts.

**THIRD CAUSE OF ACTION**
**(Against Defendant FEDEX)**
**Negligence**

16.

Plaintiff repeats and realleges as if set out verbatim paragraphs 1- 15.

17.

Upon information and belief, Defendant FONG operates as a commercial motor carrier on the behalf of the Defendant FEDEX.

18.

The injuries and damages incurred by the Plaintiffs were directly and proximately caused by Defendant FEDEX's careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars by failing to use reasonable care in the:

a. failing to design, develop, and implement adequate safety management controls related to speed management, space management, seeing ahead, total starting distance, nighttime driving, hazard perception, accident countermeasures, and/or fatigue and distracted driving awareness.

b. failing to train Defendant FONG regarding speed management, space management, seeing ahead, total starting distance, nighttime driving, hazard perception, accident countermeasures and fatigue and distracted driving awareness;

c. failing to properly monitor and supervise the driving habits of the Defendant FONG;

d. Supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically Defendant FONG;

e. Supervision of its drivers, employees, and/or agents, specifically Defendant FONG;

f. Instruction of its drivers, employees, and/or agents, specifically Defendant FONG;

g. Entrustment of a tractor trailer to its drivers, employees, and/or agents, specifically Defendant FONG;

h. Compliance with federal and/or state regulations and industry standards, as referenced in this Complaint and as developed during the discovery in this case;

i. Improperly auditing the logs and supporting documentation of its drivers, employees, and/or agents, specifically Defendant FONG;

j. Failing to utilize available information and technology to properly monitor its drivers, employees, and/or agents, specifically Defendant FONG for compliance with company polices and/or state and federal regulations;

k. In allowing Defendant FONG to operate a commercial motor vehicle despite knowledge of their inability to do so safely;

l. In failing to have adequate safety management controls in place to ensure compliance with the required safety fitness standard;

m. in failing to budget an appropriate amount of money to design, develop, and implement safety management controls in the areas of speed management, space management, seeing ahead, total stopping distance, nighttime driving, hazard perception, accident countermeasures and fatigue and distracted driving awareness; and,

n. In failing to utilize available technology to monitor and audit the safety performance of its driver's including Defendant FONG.

19.

Defendant FEDEX's careless, negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of the collision and resulting injuries and damages to Plaintiff.

## FOURTH CAUSE OF ACTION
**Punitive Damages**

20.

Plaintiff repeats and realleges as if verbatim paragraphs 1- 19.

21.

Defendants' actions, individually and/or jointly and severally, in this case demonstrate willful misconduct, malice, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences.

22.

In failing to implement, follow, or utilize proper procedures to evaluate and monitor Defendant FONG's qualifications for the operation of the subject truck, in violation of Georgia law, Defendant FEDEX has demonstrated an entire want of care sufficient to raise the presumption of conscious indifference to consequences.

23.

In failing to implement, follow, or utilize proper procedures to properly maintain the subject truck, in violation of Georgia law, Defendant FONG has demonstrated an entire want of care sufficient to raise the presumption of conscious indifference to consequences.

24.

Plaintiff is entitled to an award of punitive damages against Defendants in order to punish Defendants and/or deter them from repeating their wanton, reckless and consciously indifferent conduct in an amount to be determined by a jury.

25.

As a direct and proximate result of the aforesaid negligence and breaches of duty by the Defendants, Plaintiff suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, plus an inability to lead a normal life.

**FIFTH CAUSE OF ACTION**
**Attorneys' Fees**

26.

Plaintiff repeats and realleges as if verbatim paragraphs 1- 25.

27.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a)  That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

(b)  That service be had upon Defendants as provided by law;

(c)  That Plaintiff have and recover general damages from such Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(e)  That Plaintiff have and recover from Defendants, special damages for past and future medical expenses in such an amount as shall be proven at trial;

(f)  That this matter be tried to a jury;

(g)  That all costs be cast against the Defendants;

(h)  For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 27th day of February, 2026.

By:    */s/ Trey Pitts*
Trey Pitts
Attorney for Plaintiff
Georgia Bar No. 648456
Warren.pitts@forthepeople.com

Morgan & Morgan Augusta, PLLC
2743 Perimeter Pkwy, Bldg. 100, Ste. 310
Augusta, GA 30909
Phone: (770) 799-2743
Fax: (770) 800-9751